UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Khamsay Xayamonty, | Case No. 23-CV-726 (WMW/JFD) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| Warden Thomas, "Mr. Vanhover," BOP, and FCI Sandstone, | |
| Respondents. | |

This matter is before the Court on Petitioner Khamsay Xayamonty's filing titled "2241 Petition for Writ of Habeas Corpus" ("Petition") (Dkt. No. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (Dkt. No. 4). For the following reasons, the Court recommends dismissing this action for lack of subject-matter jurisdiction and denying the IFP Application as moot.

The Court received the Petition on March 24, 2023. At that time, Mr. Xayamonty resided at the Freeborn County Jail in Albert Lea, Minnesota. (*See* Dkt. No. 1-1 at 1.) The Petition recounts an incident that occurred in November 2022, when Mr. Xayamonty was at the Federal Correctional Institution in Sandstone, Minnesota ("FCI-Sandstone"). (*See* Pet. 1.) According to Mr. Xayamonty, during this November 2022 incident, he was sexually assaulted by "Mr. Vanhover," an FCI-Sandstone corrections officer. (*See id.*) Mr. Xayamonty claims that Mr. Vanhover assaulted Mr. Xayamonty by reaching "in to [Mr. Xayamonty's] crotch area and grop[ing] [him]." (*Id.*) This assault was apparently then

covered up by asserting that Mr. Xayamonty had been concealing an illicit cellular phone. (*See id.* at 1–2.) After this incident, Mr. Xayamonty spent about 60 days in FCI-Sandstone's Special Housing Unit. (*See id.*)

Mr. Xayamonty claims that this incident has caused him "anxiety, shamefulness[], flashback[s], paranoia, loss of sleep," and "trauma," and that he is "seeking a therapist for help[]." (*Id.* at 2.) For relief, he requests an "injunction against . . . Mr. Vanhover, his superior, Warden Thomas, and [the] B.O.P. for not keeping [Mr. Xayamonty] safe." (*Id.*)

This action has at least two threshold jurisdictional problems. First, Mr. Xayamonty commenced this action with a document styled as a habeas petition. (*See id.* at 1.) The U.S. Court of Appeals for the Eighth Circuit has explained that

> [t]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody. If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. It is the substance of the relief sought which counts. Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ.

*Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484, 499 (1973) (citations omitted)); *see also, e.g.*, *Fiorito v. Fikes*, No. 22-CV-0749 (PJS/TNL), 2022 WL 16699472, at *3 (D. Minn. Nov. 3, 2022) (quoting *Kruger*).

Mr. Xayamonty's claims here do not challenge the validity of his conviction or sentence; indeed, he does not even request release from custody. The Court need not, and so will not, opine on whether he might have any claims cognizable in a non-habeas civil

action. For present purposes, what matters is that the Court lacks jurisdiction to issue a writ of habeas corpus in this action.

Aside from this point, the Court lacks jurisdiction for another reason. The Petition notes that after the FCI-Sandstone incident, authorities transferred Mr. Xayamonty from FCI-Sandstone to another institution—apparently the Freeborn County Jail. This raises the question of whether this action is now moot.

"Article III of the [U.S.] Constitution limits federal-court jurisdiction to 'cases' and 'controversies.'" *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016) (quoting U.S. Const. art. III, § 2); *see also, e.g.*, *Young Am.'s Found. v. Kaler*, 14 F.4th 879, 886 (8th Cir. 2021) (making same point (quoting *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (en banc)). "'If an intervening circumstance deprives the plaintiff of a "personal stake in the outcome of [a] lawsuit," at any point during litigation, the action can no longer proceed and must be dismissed as moot.'" *Campbell-Ewald Co.*, 577 U.S. at 160–61 (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013)); *see also, e.g.*, *Akpovi v. Douglas*, 43 F.4th 832, 837 (8th Cir. 2022) (making same point (quoting *Ali*, 419 F.3d at 723)).

Here, Mr. Xayamonty seeks only an injunction against the Bureau of Prisons ("BOP") and two of its employees. But he is no longer in BOP custody. The upshot is that, given the way that Mr. Xayamonty structured this action, the "intervening circumstance" of his transfer eliminates his personal stake in this lawsuit's outcome. The transfer thus made this action moot.

The outcome here is determined: for two independent reasons, the Court lacks jurisdiction over this action. The Court therefore recommends dismissing this action without prejudice for lack of subject-matter jurisdiction. Given this recommendation—and because Xayamonty recently submitted the habeas-action filing fee—the Court further recommends dismissing the IFP Application as moot.

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. This action be **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

2. Petitioner Khamsay Xayamonty's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 4) be **DENIED** as moot.

Dated: May 12, 2023                    ___*s/ John F. Docherty*_____
                                       JOHN F. DOCHERTY
                                       United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objec-tions within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).